IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RANDY GIPSON, CYNTHIA GIPSON, DANA PEPPERS, and WILLIAM BORDEN, <br><br> Plaintiffs, <br><br> v. <br><br> MEDICAL MUTUAL OF OHIO, RESERVE NATIONAL INSURANCE COMPANY, KEMPER CORPORATION, and UNITED INSURANCE COMPANY OF AMERICA, <br><br> Defendants. | NO. 1:24-cv-00103 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## MEMORANDUM AND ORDER

Plaintiffs were participants in an insurance plan that included supplemental coverage for cancer treatment. After the insurance was cancelled while Plaintiffs were undergoing covered treatment for cancer diagnoses, Plaintiffs initiated this lawsuit against insurance companies involved in the administration of their plan: Medical Mutual, Reserve National, Kemper Corporation, and United Insurance Company of America. Defendants Kemper Corporation and United Insurance Company of America (collectively, "Defendants") moved to dismiss the claims against them for failure to state a claim. (Doc. No. 24). Plaintiffs filed a response in opposition to the motion to dismiss (Doc. No. 35), and Defendants filed a reply (Doc. No. 39). For the reasons stated herein, the motion to dismiss will be DENIED.

# I. BACKGROUND[1]

Plaintiffs allege they were enrolled in insurance plans issued by Defendant Reserve National, which at the time of issuance was a subsidiary of Defendant United Insurance Company of America ("United Insurance"), which in turn was a subsidiary of Defendant Kemper Corporation ("Kemper"). (¶ 31). The plan included a portability provision that allowed the insureds to port their coverages under certain circumstances so they could continue receiving benefits despite a change in employment or cancellation of the underlying group policy. (¶ 50). Plaintiffs had each secured continuing coverage through the portability provision and were receiving benefits for cancer treatment when, in December 2022, they were notified that their "Cancer coverage has terminated effective 2.28.2023." (¶¶ 52, 63, and Exhibits C-E). The notification letters were sent from the Kemper Service Center on Kemper Health letterhead and directed Plaintiffs to contact the Kemper Service Center by phone or email with any questions. (*Id.*).

Shortly before the termination letters were sent, Medical Mutual acquired Reserve National. (¶ 66). Plaintiffs allege that as part of the acquisition, Defendants Kemper, United Insurance, and Medical Mutual collectively executed a plan to terminate substantially all of the ported group supplemental coverage Reserve National had on its books. (¶ 67).

Plaintiffs allege that Kemper continued to pay claims through the end of February 2023. After February 2023 Kemper refused payment for additional claims. (¶68). Beginning around May 24, 2023, the refusal of payment came from Medical Mutual. (*Id.*).

Plaintiffs bring claims for declaratory and injunctive relieve and breach of fiduciary duty against Reserve National, its former parent companies Kemper and United Insurance, and the

---

[1] The factual allegations stated in this section are drawn from the First Amended Complaint (Doc. No. 16), which is cited by paragraph number.

current parent company Medical Mutual. Kemper and United Insurance move to dismiss all claims against them. (Doc. No. 24).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). Here, Defendants have filed a number of documents in support of their motion to dismiss. (Doc. Nos. 50, 50-1 through 50-3). These documents have not been considered.

3

### III. ANALYSIS

Kemper and United Insurance move to dismiss the claims against them on grounds that the policy termination at issue took place after Kemper's subsidiary, United Insurance, sold Reserve National to Medical Mutual. (*See* Doc. No. 25 (citing Compl., Doc. No. 16 at ¶¶ 16, 26)). Defendants argue that at the time of the allegedly improper conduct neither of them had a relationship with Plaintiffs and that they cannot be liable for actions of Reserve National or Medical Mutual that took place after the sale. (*Id.*). Defendants argue that the claim for declaratory and injunctive relief should be dismissed with prejudice because Defendants no longer have ownership and control over Reserve National or the polices at issue. (*Id.* at 4-8). Defendants also contend that the claim for breach of fiduciary duty should be dismissed because they were not fiduciaries under ERISA and the Complaint does not have allegations that could suggest that Kemper or United Insurance exercised authority or control over the policies.

Plaintiffs respond that they have alleged that Defendants collectively executed a plan to terminate all of Reserve National's ported insurance policies as part of Medical Mutual's acquisition and that this was done to reduce the liabilities acquired by Medical Mutual and to make the sale of Reserve National more attractive. (*See* Doc. No. 35; Doc. No. 16 at ¶¶ 67). Plaintiffs argue that Defendants' role in administration of claims both before and after the same makes them fiduciaries under ERISA, but that even if their role is ministerial and they are not fiduciaries under ERISA, they are necessary parties with regard to the equitable relief sought which includes reinstatement, constructive trust, and restitution.

At this juncture, the Court finds Plaintiffs have adequately alleged that Kemper and United Insurance were involved in the decision to terminate the policies at issue and were involved in the

4

administration of claims before and after the termination such that dismissal of claims against them is not appropriate at this juncture.

## IV. CONCLUSION

For the reasons stated, the Motion to Dismiss filed by Defendants Kemper Corporation and United Insurance Company (Doc. No. 24) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE